### MARTIN and BANKS *v.* SHERMAN and others.

Where a testator directs his executors, after paying legacies, to sell his real estate to the best advantage in their power, and as sound discretion might direct, and then to divide the whole proceeds equally among his children; there is an equitable conversion of the land; the quality of personalty is given to its proceeds to all intents; and it is to be considered in equity as personal property for all the purposes of the will.

The executors under such a will, made a sale which was alleged to be invalid by the heirs of one of the daughters of the testator who survived him. Her husband having ratified the sale and received a part of the proceeds; *Held,* that her husband was entitled with her assent to receive her share of the proceeds, and that his ratification of the sale was conclusive in respect of the same.

Jan. 13 ; Feb. 18, 1845.

ON the 15th of October, 1835, the executors of John Taylor, sold at private sale and conveyed to the complainants several lots of land in the city of New York, of which the testator died sei-

---

sed. The executors settled with the residuary devisees and legatees, all of whom who were competent to act for themselves, acquiesced in the sale, and ratified it by receiving portions of the proceeds. A question was afterwards made by purchasers from the complainants, as to the validity of their title, in consequence of the executors having sold to them at private sale instead of advertising the lands and selling them at public auction; upon the force of the act of 1835, (Session Laws, ch. 264, p. 304,) in connection with 2 R. S. 109, § 56.

The adult devisees and legatees who were living confirmed the sale; but one of the residuary devisees and legatees, Mrs. Janet Sherman, having died in the mean time, leaving infant children; the complainants filed their bill to have the title conveyed to them by the executors declared valid, or to have it quieted and confirmed.

It appeared that on the first of April, 1836, Charles Sherman, the husband of Janet, received from the executor a part of her share of the proceeds of the sale, and gave a receipt for the same, referring to the sale and ratifying their proceedings. Mrs. Sherman died in 1843, leaving twelve infant children. She made no application or claim for a settlement during her lifetime.

The bill was taken as confessed by all except the infant defendants, and the cause was heard as to them, on their guardian's answer and the testimony.

*E. S. Van Winkle,* for the complainants.

*C. A. Sherman,* for the infant defendants.

The Assistant Vice-Chancellor.—The complainants insist that the sale to them by the executors of John Taylor, was regular and valid.

This presents an important question, upon which I prefer not to express any opinion, inasmuch as there is another point upon which I have no difficulty, and which is decisive of the case.

After sundry devises and bequests, the testator disposed of the bulk of his estate in these words.

"12th. I do hereby direct and empower my executors, all or

whoever of them shall qualify and undertake the trust hereby reposed in them, after having paid and secured the bequeathments herein made, to sell and dispose of the remainder of my estate, both real and personal, to the best advantage in their power, and as sound discretion directs, and then divide the whole proceeds equally, share and share alike, among my four sons and three daughters, to wit James S., Andrew, Robert L., and Scott, Margaret, Elizabeth and Janet, or their heirs, and should any of them die and leave no lawful heirs, such share or shares to be considered part of the residuary estate and divided as such."

Under this clause, although there was a discretion as to the time of sale, the direction to sell the real estate was absolute and imperative. It was only after such sale, that it could be divided, or indeed that it was to be received, by the four sons and three daughters.

The gift to them was not of land, but of the proceeds of land to be sold, and of personal estate.

Thus the quality of personalty was given to the produce of this real estate *to all intents ;* and not merely for any particular purpose of the will.

There was therefore, an equitable conversion of this real estate, and it is to be considered in this court, as having been personal property for all the purposes of the will. (*Cruse* v. *Barley,* 3 P. Will. 20, and Mr. Cox's note, ibid. 22; *Ackroyd* v. *Smithson,* 1 Bro. C. C. 503, 505; *Walker* v. *Shore,* 19 Ves. 387 ; *Van Vechten* v. *Van Veghten,* 8 P aige's R. 105 ; Leigh & Dalz. on Eq. Conv. 50, &c.)

The bequest of one-seventh of this property, was directly to the mother of the infant defendants. It was a bequest of personalty, not limited to her separate use, and her husband was entitled to it by virtue of the marriage. Mrs. Janet Sherman had an equity in the fund for a settlement, which this court would have protected; but the executors, in the absence of any such interposition, had a right to pay the whole amount to her husband. This equity was personal to her. After her death, or after her implied assent to the payment to her husband ; her children could not claim under that equity, or set up any equity of their own.

It is evident therefore, that the children of Mrs. Sherman, had no estate or interest in the property in question, or in its proceeds, upon her death.

It was proved that Charles Sherman, the husband, ratified the sale made by the executors, the next year after it took place, and received a share of the proceeds. He was thereby estopped from questioning its regularity, or its propriety; and those who have succeeded to him are concluded by his acts.

The complainants are entitled to a decree, declaring their rights accordingly, and directing the infant defendants by their guardian ad litem, to execute to them a proper release and confirmation. The form of the deed may be settled by a master.

The complainants must pay the costs of the guardian ad litem.